IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–03068–REB–KMT

MIRANDA FALLAS, individually, and as Personal Representative of the Estate of Lou Ann
Fallas aka Lou Ann A. Fallas aka Lou A. Bernard aka Lou Ann Bernard, deceased,

      Plaintiff,

v.

LINCARE, INC., a Delaware corporation, and
JOHN DOES,

      Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**Magistrate Judge Kathleen M. Tafoya**

      This matter is before the court on "Plaintiffs' [sic] Motion for Leave to Amend their

[sic][1] Complaint Pursuant to Fed. R. Civ. P. 15 to Formally Substitute Parties."  (Doc. No. 18,

filed Mar. 20, 2012 [Mot.].)  Defendant Lincare filed its Response on April 13, 2012 (Doc. No.

20 [Resp.]) and Plaintiff filed her Reply on April 26, 2012 (Doc. No. 25 [Reply]).  For the

following reasons, the court recommends that Plaintiff's Motion be granted and that this case be

remanded to state court.

---

[1] The parties consistently refer to Plaintiff<u>s</u> despite the fact that only a single individual is
named as a plaintiff.  Although Miranda Fallas may be suing in two separate capacities (i.e.
individually and as the personal representative of her mother's estate), she is a single plaintiff.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Miranda Fallas, individually and as the Personal Representative of the Estate of Lou Ann Fallas, alleges that. on or about August 4, 2010, Lincare, by and through its employees and representatives, the John Doe Defendants, arrived at Plaintiff's mother Lou Ann Fallas's residence to deliver and install replacement oxygen for her use and provide other home health and respiratory care services.  (Doc. No. 1-1 ¶ 16 [Compl.].)[2]  Plaintiff alleges that, during the process of delivering and installing Lou Ann Fallas's replacement oxygen, Lincare, through the John Doe Defendants, failed to properly replace and connect the oxygen tanks, tubing, and systems so that Ms. Fallas would safety and appropriately receive oxygen as required and prescribed by her physician.  (*Id.* ¶ 17.) That afternoon, Lou Ann Fallas was discovered at her residence lying on the floor, unresponsive, with blue lips.  (*Id.* ¶ 18.)  On August 11, 2010, Ms. Fallas died, allegedly from oxygen deprivation and other conditions she experienced as a result of Defendants' failure to properly deliver and prepare home oxygen tanks, tubing, and systems for her use.  (*Id.* ¶ 23.)  Based on these facts, Plaintiff asserts claims for wrongful death and survival.

In her Motion, Plaintiff seeks leave to amend her Complaint to formally substitute Eric Archuleta for one of the John Doe Defendants.  (Mot. at 5.)  In support of this proposed amendment, Plaintiff alleges that Mr. Archuleta was the individual who failed to connect the

---

[2] Plaintiff's original Complaint is not a separate docket entry on the court CM/ECF filing system.  Rather, the Complaint is included in the "State Court Documents" submitted with Defendants' Notice of Removal filed on November 23, 2011.  (*See* Doc. No. 1-1 at 6-12.)

oxygen tanks and systems for Ms. Fallas on August 4, 2010.  (*See id.* at 2-5.)  Plaintiff also seeks

to amend her Complaint to "formally identify Defendant Lincare as 'Lincare Inc." instead of the

incorrect "Lincare, Inc."  Lincare opposes the former request, but does not oppose the latter.

(*See* Resp.)

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave

[to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No.*

*5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen*

*Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir.2003).  The Supreme Court has explained the

circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits.  In the absence of any apparent or declared reason-such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.-the
> leave sought should, as the rules require, be "freely given."  Of course, the grant
> or denial of an opportunity to amend is within the discretion of the District Court,
> but outright refusal to grant the leave without any justifying reason appearing for
> the denial is not an exercise of discretion; it is merely abuse of that discretion and
> inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl*., 712 F.2d

444, 446 (10th Cir. 1983).  Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which
> one misstep by counsel may be decisive to the outcome and accept the principle
> that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

3

The parties agree that Mr. Archuleta, a resident of Colorado, is not diverse from Plaintiff (Mot. at 5; Resp. at 3-4). This jurisdictional fact adds a significant additional step to the court's analysis. More specifically, although his original presence as a "John Doe" defendant created no impediment to removal, *see* 28 U.S.C. § 1441(a), adding Mr. Archuleta as a defendant would destroy the court's subject matter jurisdiction[3] and require remand to state court. *See McPhail v. Deere Co.,* 529 F.3d 947, 951 (10th Cir. 2008) (citing 28 U.S.C. § 1447(c)) ("[I]f a non-diverse defendant is added to the complaint at any time prior to final judgment, the case must be remanded to state court.") 28 U.S.C § 1447(e) further provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court." "Although §1447(e) speaks of joinder, it has been held to apply when the complaint is amended to replace "John Doe" defendants with defendants identified by name." *McPhail v. Deere & Co.,* 529 F.3d 947, 951 (10th Cir. 2008) (citing *Casas Office Mach., Inc. v. Mita Copystar Am., Inc.,* 42 F.3d 668, 673-75 (1st Cir. 1994)).

"As § 1447(e) indicates, however, the plaintiff does not have an absolute right to join such parties." *Id.* First, as discussed above, unless the defendant consents, a plaintiff may only amend here complaint with leave of court. *See* Fed. R. Civ. P. 15(a)(2). Further, pursuant to Fed. R. Civ. P. 19, "the court must determine whether the party sought to be joined is

---

[3] Under 28 U.S.C. § 1332(a), the citizenship of all defendants must be different from the citizenship of all plaintiffs. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch 267) 2 L.Ed. 435 (1806); *Salt Lake Tribuen Publ'g Co. v. AT&T Corp.,* 320 F.3d 1081, 1095-96 (10th Cir. 2003).

indispensable." *McPhail,* 529 F.3d at 951.  "If so, Rule 19 requires the court either to join the

party, in which case remand is necessary under § 1447(e), or to deny joinder, in which case Rule

19(b) also requires that the action be dismissed." *Id.*  If the proposed defendant is not

indispensable, Rule 20(a)(2) permits joinder at the court's discretion.  *Id.* at 951-52 (citing *State*

*Distrib. Inc. v. Glenmore Distill. Co.,* 738 F.2d 405, 416-17 (10th Cir. 1984)).  "In exercising

this discretion, the district court 'typically considers several factors [including] whether the

amendment will result in undue prejudice, whether the request was unduly and inexplicably

delayed, [and whether it] was offered in good faith . . . ." *Id.* at 952 (quoting *State Distrib.,* 738

F.2d at 416).  If the court determines that joinder is appropriate, § 1447(e) requires remand to

state court.  If joinder is inappropriate, the court "may deny joinder." *Id.* (citing 28 U.S.C. §

1447(e).

## ANALYSIS

### A.    *Fraudulent Joinder*

Lincare argues that Plaintiff's Motion should be denied because Plaintiff's proposed

amendments are tantamount to fraudulent joinder.  (Resp at 4-8.)  Specifically, Lincare maintains

that there is no possibility that Plaintiff could proceed on her proposed claims against Mr.

Archuleta because Mr. Archuleta did not owe Plaintiff a duty of care independent from the one

owed by Lincare.  (*Id.* at 4-6.)

The court has little doubt that it could deny Plaintiff's Motion if her proposed

amendments were indeed "tantamount to fraudulent joinder." *See Knowles v. Am. Family Ins.*

*Co.,* 06-cv-01297-EWN-PAC, 2006 WL 2942940, at *2 (D. Colo. Oct. 13, 2006); *compare*

*Gohier v. Enright,* 186 F.3d 1216, 1218 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.  The futility question is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim . . . .")  (internal citations omitted) *with Frontier Airlines, Inc. v. United Air Lines, Inc.,* 758 F. Supp. 1399, 1404 (D. Colo. 1989) (A party may prove fraudulent joinder by demonstrating that "there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant in state court").  However, the court finds that Plaintiff's proposed addition of Mr. Archuleta falls well short of constituting fraudulent joinder.

Notably, "[the fraudulent joinder] standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6), as the latter "'entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced.'" *Montano v. Allstate Indem.,* 211 F.3d 1278, 2000 WL 525592, at *2 (10th Cir. Apr. 14, 2000) (unpublished table opinion).  Thus, "if there is even a possibility that the state court would find that the complaint states a cause of action against the resident defendant, the federal court must find that joinder was proper and remand the case to state court." *Frontier Airlines,* 758 F. Supp. at 1404.

In support of its fraudulent joinder argument, Lincare maintains that Plaintiff's claims against Mr. Archuleta sound in negligence and that, consequently, Plaintiff must allege that Mr. Archuleta owed her a duty of care.  (Resp. at 4-5 (citing *Prymark v. Contemporary Fin. Solutions, Inc.,* 07-cv-00103-EWN-KLM, 2007 WL 4250020, at *11 (D. Colo. Nov. 28, 2007)).  Lincare maintains that, as a matter of law, Plaintiff cannot establish that Mr. Archuleta owed her

a duty of care because "an individual employee's *personal* liability arises only when the employee owes the plaintiff an independent duty of care, separate and apart from the employer's duty." (Resp. at 5) (emphasis in original).  However Lincare does not cite any Colorado case law in support of this proposition; rather, it cites non-controlling cases from several other jurisdictions across the country. (*Id.* (citing *Palmer v. Wal-Mart Stores, Inc.,* 65 F. Supp. 2d 564, 567 (S.D. Tex. 1999); *Kemp v. CTL Dist., Inc.,* 440 F. App'x 240, 245-46 (5th Cir. 2011); *Nasrawi v. Buck Consultants, LLC,* 713 F. Supp. 2d 1080, 1092 (E.D. Cal. 2010); *Tracey v. Am. Family Mut. Ins. Co.,* 09-cv-1257-RCJ-PAL, 2009 WL 3754209, at *5 (D. Nev. Nov. 5, 2009); *Benjamin v. Wal-Mart Stores, Inc.,* 413 F. Supp. 2d 652, 656-67 (D.S.C. 2006).

Plaintiff, on the other hand, cites *Sanford v. Kobey Bros. Const Corp.,* 689 P.2d 724, 725 (Colo. App. 1984) for the following proposition:

> Neither the doctrine of *respondeat superior* nor the fiction of corporate existence bars imposition of individual liability for individual acts of negligence, even when the individual is acting in a representative capacity. Rather, a servant may be held personally liable for his individual acts of negligence, as also may an officer, director, or agent of a corporation for his or her tortious acts, regardless of the fact that the master or corporation also may be vicariously liable. Thus, if [an individual defendant] personally committed any negligent act, judgment should also have entered against him personally.

To be sure, neither party has cited a Colorado Supreme Court opinion directly addressing this issue.[4] *Johnson v. Liberty Mut. Fire Ins. Co.* 653 F. Supp. 2d 1133, 1138 (D. Colo. 2009)

---

[4] Plaintiff does cite to *Lytle v. Kite,* 728 P.2d 305 (Colo. 1986) for the proposition that claims against employers and employees by third parties are separate claims. However, having reviewed *Lytle* the court finds that this statement constitutes dicta as it is not essential to the court's holding.

(citing *Grynberg v. Total, S.A.,* 538 F. 3d 1336, 1354 (10th Cir. 2008)) (A federal district court sitting in diversity must "follow the decisions of the state's highest court or, where no controlling decision  exists, the Court must predict how the state's highest court would rule on the issue.")  However, the court reemphasizes the "extremely heavy" burden Lincare faces in arguing fraudulent joinder; Plaintiff's claims against Mr. Archuleta should be sustained "if there is even a *possibility* that the state court would find that the complaint states a cause of action." *Estate of Hill v. Allstate Ins. Co.,* 354 F. Supp. 2d 1192 (D. Colo. 2004) (emphasis added). Simply put, the fact that the Colorado Court of Appeals has upheld direct liability claims against an employee even where the plaintiff alleges *respondeat superior* claims against that defendant's employer is sufficient to establish a possibility that the state trial court will sustain Plaintiff's claims against Mr. Archuleta.  Accordingly, the court rejects Lincare's fraudulent joinder argument.

## B.    *Joinder Under Rule 20*

Plaintiff argues, and Lincare disputes, that Mr. Archuleta is properly joined in this action pursuant to Fed. R. Civ. P. 19(a) because he is an indispensable or "required" party.  (*See* Mot. at 7-8; Resp. at 8-9.)  Plaintiff also argues that Mr. Archuleta should be joined even if Mr. Archuleta is not an indispensable party.  (Mot. at 8-9.)  Because the court finds that permissive joinder of Mr. Archuleta under Fed. R. Civ. P 20(a)(2) is appropriate, it does not address the parties' arguments relating to whether Mr. Archuleta might be an indispensable party under Rule 19(a).

Rule 20(a)(2) provides that persons may be joined in one action as defendants if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A)–(B).

The court finds Mr. Archuleta to be a textbook example of a defendant who ought to be permissively joined under Rule 20(a)(2). As to the first prong of the Rule 20(a)(2) inquiry, the very same transaction underlies Lincare's and Mr. Archuleta's alleged liability; Plaintiff alleges that they both are liable for "failing to properly replace and connect the oxygen tanks, tubing, and systems so that Lou Ann Fallas would safely and appropriately receive oxygen." (Am. Compl., Doc. No. 18-7, ¶ 20.) For the same reason, it is clear that common questions of facts relating to all defendants will arise in this action. Fed. R. Civ. P. 20(a)(2)(B). Indeed, the only distinction between Plaintiff's claims against Lincare and Mr. Archuleta is the legal theory underlying their proposed liability—direct versus vicarious liability.

As such, joining Mr. Archuleta into this action would undoubtedly serve Rule 20's purpose of "promot[ing] trial convenience and [] expedit[ing] final determination of disputes, thereby preventing multiple lawsuits." *Cooper v. Fitzgerald,* 266 F.R.D. 86, 88 (E.D. Pa. 2010); *see also League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency,* 558 F.2d 914, 917 (9th Cir. 1997). Indeed, if the court declined to permit Mr. Archuleta's joinder, Plaintiff would be forced to file an additional state court lawsuit against Mr. Archuleta based on the very same facts at issue in this case. It is difficult to fathom a greater waste of judicial or party resources.

Finally, the court notes Plaintiff's Motion was filed well in advance of the Scheduling Order's April 30, 2012 deadline for amending the pleadings. (*See* Scheduling Order, Doc. No. 17, filed Feb. 23, 2012.)  Additionally, Lincare does not dispute that Plaintiff only recently learned of Mr. Archuleta's identity.  As such, the court finds that Plaintiff's proposed amendments will not result in undue prejudice, are not unduly or inexplicably delayed, and are offered in good faith.  *McPhail,* 529 F.3d at 952.  Accordingly, the court finds that Mr. Archuleta is properly joined as a defendant pursuant to Rule 20(a)(2).  *See id.* at 951-52 (citing *State Distrib, Inc.,* 738 F.2d at 416-17).

## C.    *Remand*

Having concluded that Plaintiff's Motion is properly granted to the extent that it seeks to add Mr. Archuleta as a defendant to this action, the court finds that 28 U.S.C § 1447(e) requires the court to remand this case to state court.  *See also* § 1447(c).  Accordingly, the court recommends that this case be remanded to the District Court for the City and County of Denver.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that "Plaintiffs' [sic] Motion for Leave to Amend their [sic] Complaint Pursuant to Fed. R. Civ. P. 15 to Formally Substitute Parties" (Doc. No. 18) be GRANTED.  The court further RECOMMENDS that this case be remanded to the District Court for the City and County of Denver, consistent with 28 U.S.C. § 1447(e), based on the joinder of Eric Archuleta as a defendant in this action.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 7th day of May, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

12